DUCHESSE D'AUXY *v.* SOUTTER *et al.*

(*Circuit Court, S. D. New York.* August 7, 1888.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING.

Where there has been no accounting between the executors of a testator and the executors of a legatee under his will, nor between the executors of the legatee and one claiming an interest in the legacy and original estate as next of kin and also as devisee of the legatee, the amount due such claimant cannot be determined in an action to which the only parties are the claimant and the executors of the original testator.

In Equity.   On exceptions to master's report.

Action by Charlotte, Duchesse d'Auxy, against Agnes Gordon Soutter and William K. Soutter, executors of James T. Soutter, deceased, to recover an interest in the estate of the latter, which she claims as devisee of Robert Soutter, a legatee under the will, and also as next of kin of a daughter of Robert Soutter.

*Lewis Sanders,* for complainant.

*Vanderpoel, Greer & Arming,* and *Delos McCurdy,* for defendants.

LACOMBE, J.   The defendants are the executor and executrix of the last will and testament of James T. Soutter, deceased, by which will his estate was given to his widow and five children, all of whom survived him.   The complainant is not a legatee or devisee under said will, but claims a right to share in the estate as a devisee of Robert Soutter, himself a legatee under the original will, and as one of the next of kin of Robert Soutter's daughter Pauline.   By the interlocutory decree, the master was directed to take and state the accounts of the executors, and the complainant was decreed to be entitled as devisee as aforesaid to one-twentieth undivided part of the estate of James T. Soutter, and as next of kin of Pauline Soutter, to the one one hundred and sixtieth part thereof, "and to recover the same of the defendants, less what part thereof she has already received."   Robert left three children besides Pauline, and to the four he devised and bequeathed one-half of his property.   Of all those who are entitled directly or by representation to share in the estate of James T. Soutter, only the defendants (his widow and one son) and the complainant (widow of another son) are parties.

The master reports that the amount to which the estate of Robert Soutter may be entitled cannot be ascertained on this accounting, nor reasonably approximated, for the reason that such amount can only be ascertained by an accounting had between Timothy H. Porter, as executor and trustee under the will of Robert Soutter, or an administrator *de bonis non* with the will annexed, and the executors of James T. Soutter; and, further, that the exact proportion of any amount which may be found to belong to the estate of Robert Soutter which would belong to the defendant cannot here be found, for the reason that the same can only be ascertained by an intermediate accounting between the said Timothy H. Porter, as executor and trustee of the estate of Robert, or the administrator *de bonis non* with the will annexed, and the complainant and her children, and the executor of the estate of James T. Soutter. In this finding he is undoubtedly correct.   There is no obligation on the defendants to plead and prove payments to the complainant, for such payments were not made by them, but by the executor of Robert Soutter.   There is not, therefore, sufficient before the court to warrant the entering of a decree in favor of the complainant for any specific sum of money.

As a judicial determination upon the questions raised by the presentation of the executor's accounts, the decree in this action would be but a rope of sand, binding no one but the parties to the action, and the court

should not be required to examine and pass upon them until all persons interested in such determination are before it. The objections to the master's report are therefore overruled.